# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ULSTER
-----------------------------------------------------------x
JOHN ROBBINS, AS ADMINISTRATOR OF THE
ESTATE OF WILLABELLE ROBBINS, DECEASED

Plaintiff/Petitioner,

- against -                                    Index No. EF2022-2524

CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER
FOR REHABILITATION AND NURSING

Defendant/Respondent.

-----------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: <u>www.nycourts.gov/efile-unrepresented</u> or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at <u>www.nycourts.gov</u>

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 12/15/2022

JEFFREY A. GUZMAN
Name

KRENTSEL GUZMAN HERBERT, LLP

Firm Name

17 BATTERY PLACE, SUITE 604
Address

NEW YORK NY 10004

212-227-2900
Phone

E-Mail

To:   DEFENDANT

6/6/18

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

--------------------------------------------------------------X

JOHN ROBBINS, as Administrator of the Estate of
WILLABELLE ROBBINS, Deceased,

*Plaintiff(s)*,

-against-

CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER
FOR REHABILITATION AND NURSING,

*Defendant(s)*.

--------------------------------------------------------------X

Index No.:

Date Purchased:

Plaintiff designates ULSTER
County as the place of trial.

SUMMONS

The basis of venue is
Plaintiff's Residence:
80 Main Street
Napanoch, New York

Date Filed:

To the above-named Defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' Attorney within twenty (20) days after service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

JURY TRIAL DEMANDED

DATED:      New York, New York
            December 15, 2022

Yours, etc,

Jeffrey A. Guzman, Esq.
*Krentsel Guzman Herbert, LLP*
Attorneys for Plaintiff
17 Battery Place, Suite #604.
New York, New York 10004
(212) 227-2900

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

Defendant's Address:

**CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING**
1 Jansen Road
New Paltz, New York 12561

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524
RECEIVED NYSCEF: 12/15/2022

SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF ULSTER

------------------------------------------------------------X

JOHN ROBBINS, as Administrator of the Estate of
WILLABELLE ROBBINS, Deceased,

                             Plaintiff(s),

    -against-

CLR NEW PALTZ, LLC D/B/A NEW PALTZ
CENTER FOR REHABILITATION AND NURSING,

                             Defendant(s).

------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff(s), by their attorneys, KRENTSEL GUZMAN HERBERT, LLP., complaining of the Defendants, CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING, (collectively "Defendants"), upon information and belief respectfully alleges as follows:

## INTRODUCTION

1.     This action is being commenced due to Defendants' abject and longstanding failure to maintain a system for preventing, identifying, reporting, investigating, and controlling infections and communicable diseases for all residents, staff, volunteers, visitors, and other individuals, and Defendants' failure to adequately care for and protect its elderly and vulnerable residents, which led to the death of the decedent, WILLABELLE ROBBINS, from COVID-19 (known colloquially as the "coronavirus") infection on December 16, 2020.

1

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM          INDEX NO. EF2022-2524
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 12/15/2022

2.       Prior to the coronavirus emergency in New York, between January 29, 2018 and January 6, 2022, CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was cited by government inspectors and regulators 7 times.

3.       In addition, prior to the coronavirus emergency in New York, on February 6, 2020, CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was placed on notice by Centers for Medicare and Medicaid Services that coronavirus infections can rapidly appear and spread, and that it was critical that the nursing home be prepared by planning for infectious and diseases response, including having sufficient personal protective equipment (PPE) available.

4.       However, CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING failed to take proper precautions to help prevent the development of infections prior to and leading up to the COVID-19 pandemic. As a direct and foreseeable consequence of the Defendants' failure, as of November 14, 2022, there was a confirmed COVID-related presumed death count of 6 residents who died from CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING.

5.       The claims against Defendants asserted herein are premised on violation of resident's rights laws pursuant to Public Health Law sec.2801-d, negligence and gross negligence, and wrongful death. Plaintiff also seeks recovery for punitive damages from the Defendants based upon its longstanding grossly negligent and reckless actions in failing to protect residents from harm.

### PARTIES TO THIS ACTION:

2

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524
RECEIVED NYSCEF: 12/15/2022

6.      That at all times hereinafter mentioned, the Plaintiff, JOHN ROBBINS, is the brother of the decedent, WILLABELLE ROBBINS, and is resident of the County of ULSTER, State of New York.

7.      Plaintiff, JOHN ROBBINS, is the Administrator of the Estate of WILLABELLE ROBBINS  representing the interest of the decedent, WILLABELLE ROBBINS, and her Estate, in this action.

8.      At all times hereinafter mentioned, the decedent, WILLABELLE ROBBINS, was a resident of the County of ULSTER, State of New York

9.      That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York, having its principal place of business at 1 Jansen Road, New Paltz, New York.

10.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York, having its principal place of business at 1 Jansen Road, New Paltz, New York.

11.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was authorized to do business as a nursing home at 1 Jansen Road, New Paltz, New York.

12.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING, was authorized to do business as an Enhanced Housing Program Facility at 1 Jansen Road, New Paltz, New York.

3

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524
RECEIVED NYSCEF: 12/15/2022

13.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING, was authorized to do business as an Assisted Living Residence at 1 Jansen Road, New Paltz, New York.

14.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING, was authorized to do business as an Enhanced Assisted Living Residence at 1 Jansen Road, New Paltz, New York.

15.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING, was authorized to do business as a Special Needs Assisted Living Residence at 1 Jansen Road, New Paltz, New York.

16.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owned a nursing home facility at 1 Jansen Road, New Paltz, New York.

17.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owned an Enhanced Housing Program Facility at 1 Jansen Road, New Paltz, New York.

18.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owned an Assisted Living Facility at 1 Jansen Road, New Paltz, New York.

19.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owned an Enhanced Assisted Living Residence at 1 Jansen Road, New Paltz, New York.

4

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

20.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owned a Special Needs Assisted Living Residence at 1 Jansen Road, New Paltz, New York.

21.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING operated a nursing home facility at 1 Jansen Road, New Paltz, New York.

22.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING operated an Assisted Living Residence at 1 Jansen Road, New Paltz, New York.

23.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING operated an Enhanced Assisted Living Residence at 1 Jansen Road, New Paltz, New York.

24.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING operated a Special Needs Assisted Living Residence at 1 Jansen Road, New Paltz, New York.

25.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING operated a nursing home facility at 1 Jansen Road, New Paltz, New York.

26.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING operated a nursing home facility at 1 Jansen Road, New Paltz, New York.

5

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

27.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was the lessor of a nursing home facility located at 1 Jansen Road, New Paltz, New York.

28.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was the lessor of an Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

29.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was the lessor of an Enhanced Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

30.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was the lessor of a Special Needs Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

31.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was the lessee of a nursing home facility located at 1 Jansen Road, New Paltz, New York.

32.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was the lessee of an Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

33.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was the lessee of an Enhanced Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

6

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524
RECEIVED NYSCEF: 12/15/2022

34.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING was the lessee of a Special Needs Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

35.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING maintained a nursing home facility located at 1 Jansen Road, New Paltz, New York.

36.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING maintained an Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

37.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING maintained an Enhanced Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

38.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING maintained a Special Needs Assisted Living Residence facility located at 1 Jansen Road, New Paltz, New York.

39.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING managed a nursing home facility located at 1 Jansen Road, New Paltz, New York.

40.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING managed an Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

7

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

41.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING managed an Enhanced Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

42.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING managed a Special Needs Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

43.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING managed a nursing home facility located at 1 Jansen Road, New Paltz, New York.

44.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING supervised a nursing home facility located at 1 Jansen Road, New Paltz, New York.

45.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING supervised an Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

46.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING supervised an Enhanced Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

47.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING supervised a Special Needs Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524
RECEIVED NYSCEF: 12/15/2022

48.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING inspected a nursing home facility located at 1 Jansen Road, New Paltz, New York.

49.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING inspected a nursing home facility located at 1 Jansen Road, New Paltz, New York.

50.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING inspected an Assisted Living Facility located at 1 Jansen Road, New Paltz, New York.

51.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING inspected an Enhanced Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

52.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING inspected a Special Needs Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

53.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING controlled a nursing home facility located at 1 Jansen Road, New Paltz, New York.

54.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING controlled an Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

9

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524
RECEIVED NYSCEF: 12/15/2022

55.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING controlled an Enhanced Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

56.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING controlled a Special Needs Assisted Living Residence located at 1 Jansen Road, New Paltz, New York.

57.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING conducted business as an adult care facility at 1 Jansen Road, New Paltz, New York licensed and defined under New York Public Health Law §2801(2).

58.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING conducted business as a nursing home facility at 1 Jansen Road, New Paltz, New York licensed and defined under New York Public Health Law §2801(2).

59.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING conducted business as an Assisted Living Residence at 1 Jansen Road, New Paltz, New York licensed and defined under New York Public Health Law §2801(2).

60.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING conducted business as an Enhanced Assisted Living Residence at 1 Jansen Road, New Paltz, New York licensed and defined under New York Public Health Law §2801(2).

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

61.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING conducted business as a Special Needs Assisted Living Residence at 1 Jansen Road, New Paltz, New York licensed and defined under New York Public Health Law §2801(2).

62.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING had possession and control of the building located at 1 Jansen Road, New Paltz, New York.

## STATEMENT OF FACTS

63.     New York State law, 10 NYCRR 415.1s – "Infection control requires that CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING maintain an infection control designed to provide a safe, sanitary, and comfortable environment in which residents reside and to help prevent the development and transmission of disease and infection, in which residents reside and to help prevent the development and transmission of diseases and infections, investigates, controls and takes actions to prevent infections in the facility and determines what procedures such as isolation and universal precautions should be utilized for an individual resident and implements the appropriate procedures.

64.     Federal law, including CFR 483.65, further mandates that CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING maintain a sufficient Infection Prevention and Control Program, and that the facility maintains and utilizes sufficient Personal Protective Equipment (PPE), including gloves, gowns and masks.

65.     In or about January 2020, and likely earlier, Defendants were made aware of severe

11

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

acute respiratory syndrome coronavirus 2 (SARS-CoV-2) spreading world-wide and nationally, known colloquially as the coronavirus, that caused severe medical distress and death in individuals who contracted the disease, especially the elderly.

66.    SARS-CoV-2 is known and documented to cause debilitating and deadly disease, the Coronavirus Disease 2019 (COVID-19).

67.    COVID-19 can and has spread rapidly in long-term residential care facilities and persons with chronic underlying medical conditions are at greater risk for COVID-19.

68.    As of June 1, 2020, at least 40,600 residents and workers have died from COVID-19 at nursing homes and other long-term care facilities for older adults in the United States.  As of January 30, 2021, at least 16,000 residents of long term care facilities died of COVID-19.

69.    On February 6, 2020, the Centers for Medicare & Medicaid Services (CMS) issued written memoranda to CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING advising that coronavirus infection can rapidly appear and spread, and facilities must take steps to prepare for this, including reviewing their infection control policies and practices to prevent the spread of infection. CMS confirmed that nursing homes had prior notice, including from prior recent public health events such as Ebola virus, 2009 pandemic H1N1 influenza, and Zika outbreaks, of the critical need for nursing homes to be prepared with appropriate personal protective equipment (PPE) use and availability, such as gloves. Gowns. Respirators, and eye protection.[1]

---

[1] *Information for Healthcare Facilities Concerning 2019 Novel Coronavirus Illness (2019-nCov)* https://www.cms.gov/files/documents/qso-20-09-all.pdf.

12

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

70.     On or about February 1, 2019, through on or about December 16, 2020, Plaintiff's decedent WILLABELLE ROBBINS was admitted to Defendant's facility, and during her admission, was infected with SARS-CoV-2 and COVID-19, and developed respiratory distress and hypoxia, which resulted in her untimely death on December 16, 2020.

71.     Prior to the arrival of coronavirus, CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING had a longstanding history of failing to provide proper infection prevention and control procedures, and despite being armed with knowledge of prior public health infection events, failed to take steps to prepare to prevent the spread of future infections.

72.     As a direct and foreseeable consequence of such failures, Plaintiff's decedent WILLABELLE ROBBINS has sustained loss, damages, injury and death, and her survivors also suffered loss and damages as a direct consequence of the same.

73.     As set forth below, the claims asserted herein are premised on violations of residents' rights laws pursuant to Public Health Law sec. 2801-d, negligence and gross negligence, and wrongful death. Plaintiff also seeks recovery for punitive damages from the Defendants based upon the aforementioned causes of action, and conduct that was grossly reckless, willful, and wanton.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO
### NEW YORK PUBLIC HEALTH LAW 2801-D and 2803C

74.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a facility providing therein nursing care to sick, invalid, infirmed, disabled, or convalescent persons in addition to lodging and board or health related services pursuant to New York Public Health Law §2801(2).

13

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

75.     At all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a facility providing therein nursing care to sick, invalid, infirmed, disabled, or convalescent persons in addition to lodging and board or health related services pursuant to New York Public Health Law §2801(2).

76.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a facility providing therein nursing care without any negligence on the part of the Plaintiff decedent WILLABELLE ROBBINS, which caused her death.

77.     That at all times hereinafter mentioned, Defendant is a residential health care facility as defined in New York Public Health Law §2801(3).

78.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a residential health care facility as defined in New York Public Health Law §2801(3).

79.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a residential health care facility as defined in New York Public Health Law §2801(3).

80.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a residential health care facility as defined in New York Public Health Law §280-d.

81.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a residential health care facility as defined in New York Public Health Law §2801-d.

14

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

82.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a residential health care facility as defined in New York Public Health Law §2801-d.

83.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a residential health care facility as defined in New York Public Health Law §2801-d.

84.    At all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a residential health care facility as defined in New York Public Health Law §2803-c.

85.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING is a residential health care facility as defined in New York Public Health Law §2803-c.

86.    That all times hereinafter mentioned and material hereto, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING nursing home was a facility subject to the rules and regulations set forth in 42 U.S.C. §1395(i) et seq., and 42 C.F.R. Part 483. Public Health Law Article 28 and New York Code Rules and Regulations, Title 10, Part 415.

87.    That all times hereinafter mentioned and material hereto, Defendant, CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING nursing home was a facility subject to the rules and regulations set forth in 42 U.S.C. §1395(i) et seq., and 42 C.F.R. Part 483. Public Health Law Article 28 and New York Code Rules and Regulations, Title 10, Part 415.

15

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

88.     That all times hereinafter mentioned and material hereto, Defendant, CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING's nursing home was a facility subject to the rules and regulations set forth in 42 U.S.C. §1395(i) et seq., and 42 C.F.R. Part 483. Public Health Law Article 28 and New York Code Rules and Regulations, Title 10, Part 415.

89.     That on or about February 1, 2019, through on or about December 16, 2020, Plaintiff's decedent WILLABELLE ROBBINS was admitted to and was a resident at Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING facility, and during her admission, was infected with SARS-CoV-2 and COVID-19.

90.     That on or about February 1, 2019, through on or about December 16, 2020, Plaintiff's decedent WILLABELLE ROBBINS was admitted to and was a resident at Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING's facility, and during her admission, was infected with SARS-CoV-2 and COVID-19.

91.     That during the course of her admission, Plaintiff's decedent WILLABELLE ROBBINS was caused to sustain injury due to the negligent acts or omissions of Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING, resulting in severe and permanent personal injuries, and untimely death.

92.     That during the course of her admission, Plaintiff's decedent WILLABELLE ROBBINS was caused to sustain injury due to the negligence acts and omissions of Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING, resulting in severe and permanent personal injuries, and ultimately death.

93.     That during the course of her admission, Plaintiff's decedent WILLABELLE ROBBINS was caused to sustain injury due to the negligence acts and omissions of Defendant

16

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING, resulting in severe and permanent personal injuries, and ultimately death.

94.     That at all times mentioned herein, during her residency, Plaintiff's decedent WILLABELLE ROBBINS was under the exclusive care, custody, control and management of Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING.

95.     That at all times mentioned herein, during her residency, Plaintiff's decedent WILLABELLE ROBBINS was under the exclusive care, custody, control and management of Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING

96.     That at all times hereinafter mentioned, during Plaintiff's decedent WILLABELLE ROBBINS's stay at Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING nursing homes she was infected with SARS-CoV-2 and contracted COVID-19, and suffered respiratory distress, hypoxia, and other injuries, caused by the negligence of Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING and violation of Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING contract with Plaintiff's decedent WILLABELLE ROBBINS, laws, rules, statutes and ordinances without any negligence on the part of the Plaintiff's decedent WILLABELLE ROBBINS, which caused her death.

97.     That at all times hereinafter mentioned, during Plaintiff's decedent WILLABELLE ROBBINS's stay at Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING nursing homes she was infected with SARS-CoV-2 and

17

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

contracted COVID-19, and suffered respiratory distress, hypoxia, and other injuries, caused by the negligence of Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING and violation of Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING contract with Plaintiff's decedent WILLABELLE ROBBINS, laws, rules, statutes and ordinances without any negligence on the part of the Plaintiff's decedent WILLABELLE ROBBINS, which caused her death.

98.     That at all times hereinafter mentioned, during Plaintiff's decedent WILLABELLE ROBBINS's stay at Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING nursing home, she was infected with SARS-CoV-2 and contracted COVID-10, and suffered respiratory distress, hypoxia, and other injuries, caused by the negligence of Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING  and violation of Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING contract with Plaintiff's decedent WILLABELLE ROBBINS, laws, rules, statutes and ordinances without any negligence on the part of the Plaintiff's decedent WILLABELLE ROBBINS, which caused her death.

99.     That on December 16, 2020, Plaintiff's decedent WILLABELLE ROBBINS died.

100.     That "death" is an enumerated injury pursuant to New York Public Health Law sec. 2801-d.

101.     That at all times hereinafter mentioned, Plaintiff's decedent WILLABELLE ROBBINS's injuries were substantially contributed to by the negligent acts and/or omissions, willful and intentional criminal misconduct, gross negligence, reckless misconduct and intentional

18

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

infliction of harm of the Defendants as well as the violation of the resident's rights pursuant to New York Public Health Law §2801-d and enumerated in New York Public Health Law §2803-c.

102.    That at all times hereinafter mentioned, Defendants had a statutorily mandated responsibility to provide Plaintiff's decedent WILLABELLE ROBBINS with the rights granted to nursing home residents by New York Public Health Law §2801-d and enumerated in Public Health Law §2803-c.

103.    That at all times hereinafter mentioned, Defendants' responsibilities and obligations to Plaintiff's decedent WILLABELLE ROBBINS, as outlined in Public Health Law §2803-c, are non-delegable and Defendants had direct and/or vicarious liability for violations, deprivations and infringements of such responsibilities and obligations by any person or entity under Defendants' control, direct or indirect, including their employees. agents. consultants and independent contractors, whether in- house or outside entities, individuals, agencies, pools, or caused by Defendant's policies, whether written or unwritten, or common practices.

104.    That at all times hereinafter' mentioned, Defendants, their employees, agents, consultants and independent contractors, deprived Plaintiff's decedent WILLABELLE ROBBINS of the rights granted to her pursuant to Public Health Law §2801-d and as enumerated in Public Health Law §2803-c.

105.    That at all times hereinafter mentioned, the acts and omissions committed by employees and agents of the Defendants were pervasive events which occurred since at least 2019 when Defendants were cited for improper infection control violations, and continued throughout Plaintiff's decedent WILLABELLE ROBBINS's residency, and were such that supervisors, Administrators and managing agents of Defendants should have been aware of them.

19

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

106.    That at all times hereinafter mentioned, and at all times before the COVID-19 pandemic, despite medical best practices, existing regulations, and specific COVID-19 guidance from CDC, CMS, and DOH, Defendants failed to plan and take proper infection control measures.

107.    That at all times hereinafter mentioned, and at all times before the COVID-19 pandemic, Defendant failed to maintain an infection control program with policies designed to provide a safe, sanitary, and comfortable environment in which residents vulnerable to infection reside and where their health care providers work.

108.    That at all times hereinafter mentioned, and at all times before the COVID-19 pandemic, Defendant failed to have an infection control program which investigated, controlled and took action to prevent infections in the facility and to determine what procedures, such as isolation, should be utilized for an individual resident to prevent continued transmission of disease.

109.    That at all times hereinafter mentioned, and at all times before the COVID-19 pandemic, Defendant failed to isolate residents and properly sterilize and store all equipment to prevent the spread of infection.

110.    That at all times hereinafter mentioned, the Defendant acted willfully, intentionally, recklessly and with gross negligence by knowingly by implementing policies, including accepting COVID-19 positive patients and residents, failing to test patients, residents and staff, etc. with the knowledge that the policies implemented would increase the risk of contracting disease, causing sickness and death in patients and residents.

111.    That at all times hereinafter mentioned, the Defendant, it's servants, agents, and/or employees, failed to safely and properly move, monitor, supervise, assist, and/or treat Plaintiff decedent.

20

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

112.     As a result of the negligence of the Defendant, Plaintiff decedent was caused to sustain severe personal injuries to her head, face and body, obliging her to incur expenses for medical care and resulted in pain, suffering and loss of enjoyment of life.

113.     The aforementioned injuries suffered were caused by the sole negligence of the Defendant and without any negligence on the part of the Plaintiff decedent contributing thereto.

114.     That at all times hereinafter mentioned, in addition to the damages suffered by Plaintiff's decedent WILLABELLE ROBBINS as the result of Defendants' deprivation of her rights as a nursing home resident, Plaintiff JOHN ROBBINS, the brother  and Administrator of the Estate of WILLABELLE ROBBINS, is entitled to recovery of compensatory damages pursuant to Public Health Law §2801-d, attorney's fees pursuant to Public Health Law §2801-d(6), punitive damages pursuant to Public Health Law §2801-d(2) and costs.

115.     That at all times hereinafter mentioned as a result of the foregoing acts and/or omissions, Plaintiff's decedent WILLABELLE ROBBINS was denied her rights under Public Health Law 32801-d, and as enumerated in Public Health Law §2803-c, and such denial caused injury.

116.     That by reason of the foregoing, Plaintiff's decedent WILLABELLE ROBBINS was forced to undergo medical treatment, incurred medical expense, suffered disfigurement, disability, pain and suffering, mental anguish, loss of enjoyment of life, loss of dignity and death.

117.     That at all times hereinafter mentioned, as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower Courts, as well as punitive damages pursuant to Public Health Law §2801-d(2), attorney's fees pursuant to Public Health Law §2801-d(6) and costs.

21

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS

118.    That at all times hereinafter mentioned, Plaintiff repeats, reiterates and realleges each and every allegation above with the same force and effect as if more fully set forth at length herewith.

119.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owed a duty to patients, including Plaintiff's decedent WILLABELLE ROBBINS, to protect its patient's rights.

120.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owed a duty to patients, including Plaintiff's decedent WILLABELLE ROBBINS, to protect its patient's rights.

121.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owed a duty to patients, including Plaintiff's decedent WILLABELLE ROBBINS, to protect its patient's rights.

122.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owed a duty to Plaintiff's decedent WILLABELLE ROBBINS to hire train, retain, and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff's decedent on a reasonably safe and beneficial manner.

123.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owed a duty to Plaintiff's decedent WILLABELLE ROBBINS to hire train, retain, and supervise employees and

22

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff's decedent on a reasonably safe and beneficial manner.

124.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owed a duty to Plaintiff's decedent WILLABELLE ROBBINS to hire train, retain, and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff's decedent on a reasonably safe and beneficial manner.

125.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING had notice of Plaintiff's decedent WILLABELLE ROBBINS's need of appropriate intervention to prevent injury and did not implement appropriate intervention.

126.    That at all times hereinafter mentioned, due to the negligence of Defendants, Plaintiff's decedent WILLABELLE ROBBINS was infected with SARS-CoV-2 and contracted COVID-19, suffered respiratory distress, hypoxia, and other injuries, at Defendants' facility, which resulted in her death.

127.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING had a duty to protect the patient from injury and to provide reasonable care under the circumstance.

128.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING had a duty to protect the patient from injury and to provide reasonable care under the circumstance.

23

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524
RECEIVED NYSCEF: 12/15/2022

129.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING had a duty to protect the patient from injury and to provide reasonable care under the circumstance.

130.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING negligently breached its duties owed to the Plaintiff's decedent WILLABELLE ROBBINS by statute and common-law.

131.     That at all times hereinafter mentioned, as a result of the foregoing acts and/or omissions, Plaintiffs decedent WILLABELLE ROBBINS was subject to the negligence of Defendants, causing Plaintiff's decedent WILLABELLE ROBBINS to be forced to undergo medical treatment, incur medical expenses, suffer disfigurement, disability, pain and suffering, mental anguish, loss of enjoyment of life, loss of dignity and death.

132.     That at all times hereinafter mentioned, as a result of the foregoing, Plaintiff's decedent WILLABELLE ROBBINS was damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS

133.     That at all times hereinafter mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint herein, as though more fully set forth herein at length.

134.     That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owed a duty to residents,

24

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

including Plaintiff's decedent WILLABELLE ROBBINS, to protect her nursing home resident's rights pursuant to Public Health Law §2801-d and as enumerated in Public Health Law §2803-c.

135. That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owed a duty to residents, including Plaintiff's decedent WILLABELLE ROBBINS, to protect her nursing home resident's rights pursuant to Public Health Law §2801-d and as enumerated in Public Health Law §2803-c.

136. That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owed a duty to Plaintiff's decedent WILLABELLE ROBBINS to hire, retain, train, and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff's decedent in a reasonably safe and beneficial manner.

137. That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING owed a duty to Plaintiff's decedent WILLABELLE ROBBINS to hire, retain, train, and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff's decedent in a reasonably safe and beneficial manner.

138. That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING had a statutory obligation to protect the nursing home resident's rights of Plaintiff's decedent WILLABELLE ROBBINS as set forth in Public Health Law §2803-c and to provide reasonable care under the circumstances.

25

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524
RECEIVED NYSCEF: 12/15/2022

139.    That at all times hereinafter mentioned, Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING had a statutory obligation to protect the nursing home resident's rights of Plaintiff's decedent WILLABELLE ROBBINS as set forth in Public Health Law §2803-c and to provide reasonable care under the circumstances.

140.    That at all times hereinafter mentioned, as a result of the foregoing acts and/or omissions, Plaintiff's decedent WILLABELLE ROBBINS was subject to the negligence of Defendants, causing Plaintiff's decedent to be forced to undergo medical treatment, incur medical expenses, suffer permanent disfigurement, disability, pain and suffering, mental anguish, loss of enjoyment of life, loss of dignity, and death.

141.    That at all times hereinafter mentioned, as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

142.    That at all times hereinafter mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint herein, as though more fully set forth herein at length.

143.    That at all times hereinafter mentioned, the Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING acted in so careless a manner as to show complete disregard for the rights and safety of others.

144.    That at all times hereinafter mentioned, the Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING acted or failed to act knowing that their conduct would probably result in injury or damage.

145.    That at all times hereinafter mentioned, the Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING acted or failed to act knowing that their conduct would probably result in injury or damage.

26

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524
RECEIVED NYSCEF: 12/15/2022

146.     That at all times hereinafter mentioned, the Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING acted in so reckless a manner or failed to act in circumstances where an act was clearly required, so as to indicate disregard of the consequences of their actions or inactions.

147.     That at all times hereinafter mentioned, the Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING conduct, as outlined above, was willful.

148.     That at all times hereinafter mentioned, the Defendant CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING conduct, as outlined above, was in reckless disregard.

149.     That at all times hereinafter mentioned, as a result of the foregoing, Plaintiff is entitled to punitive damages, attorney's fees, and costs.

150.     That at all times hereinafter mentioned, solely as a result of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts, plus punitive damages, attorney's fees and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR WRONGFUL DEATH AGAINST DEFENDANTS

151.     That at all times hereinafter mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint herein, as though more fully set forth herein at length.

152.     That by reason of the foregoing, Plaintiff's decedent WILLABELLE ROBBINS sustained severe bodily injury resulting in wrongful death.

27

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

153.    That as a result of the foregoing, Plaintiff's decedent WILLABELLE ROBBINS left surviving next of kin and distributes.

154.    That as a result of the foregoing, Plaintiff's decedent WILLABELLE ROBBINS's estate became liable for and expended money for funeral and other expenses.

155.    That as a result of the foregoing, Plaintiffs decedent WILLABELLE ROBBINS's estate suffered pecuniary damages.

156.    That as a result of the foregoing, Plaintiffs decedent WILLABELLE ROBBINS's estate sustained all other damages allowed by law.

157.    That as a result of the foregoing, Plaintiff's decedent WILLABELLE ROBBINS's Next of Kin have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

**THEREFORE,** Plaintiff demands judgment against the Defendants herein on the FIRST Cause of Action in a sum which exceeds the jurisdictional limits of all lower Courts as well as punitive damages pursuant to PHL §2801-d(2), attorney's fees pursuant to PHL §2801-d(6), and costs; on the SECOND Cause of Action in a sum which exceeds the jurisdictional limits of all lower Courts; on the THIRD Cause of Action in a sum which exceeds the jurisdictional limits of all lower Courts; on the FOURTH Cause of Action in a sum which exceeds the jurisdictional limits of all lower Courts plus punitive damages, attorney's fees and costs; and on the FIFTH Cause of Action in a sum which exceeds the jurisdictional limits of all lower Court, along with disbursements of this action.

To:

CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND NURSING
1 Jansen Road

28

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

New Paltz, New York 12561

Dated: New York, New York
          December   15  ,2022


JEFFREY A. GUZMAN, ESQ.
*Attorney for Plaintiff*
KRENTSEL GUZMAN HERBERT, LLP
17 Battery Place, Suite 604
New York, New York 10004
*Telephone: 212.227.2900*

29

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

## *ATTORNEY VERIFICATION*

JEFFREY A. GUZMAN, *an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:*

*He is the attorney for the petitioner(s) in the above entitled action.  That he has read the foregoing* **VERIFIED COMPLAINT** *and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.*

*The reason this Petition is made by deponent and not by the petitioner(s) is that the petitioner(s) herein reside(s) in a county other than the one in which the petitioner's attorneys maintain their office.*

*The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.*

DATED:      *New York, New York*
              *December 15 ,2022*

                                            JEFFREY A. GUZMAN, ESQ.

30

FILED: ULSTER COUNTY CLERK 12/15/2022 03:49 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-2524

RECEIVED NYSCEF: 12/15/2022

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

JOHN ROBBINS, as Administrator of the Estate
of WILLABELLE ROBBINS, Deceased,

Petitioner,

-against-

CLR NEW PALTZ, LLC D/B/A NEW PALTZ CENTER FOR REHABILITATION AND
NURSING

Respondents.

# VERIFIED COMPLAINT

KRENTSEL GUZMAN HERBERT, LLP.
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
17 Battery Place, Suite 604
New York, New York 10004
(212) 227-2900

To
Attorney(s) for

Service of a copy of the within
is hereby admitted.
Dated,

Attorney(s) for

PLEASE TAKE NOTICE:
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on          20
☐ NOTICE OF SETTLEMENT
that an order              of which the within is a true copy
will be presented for settlement to the HON.     one of the judges of the
within named Court, at
on          20          at          M.
Dated,
Yours, etc.

### LAW OFFICE OF KRENTSEL GUZMAN HERBERT, LLP.

31